IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN LYNZ CROSS,[1] | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-687-A |
| | § | |
| WARDEN BELL, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Kevin Lynz Cross, a state prisoner currently incarcerated in Lovelady, Texas, against Warden Bell, respondent. No service has issued upon respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive.

I. FACTUAL AND PROCEDURAL HISTORY

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Cross v. Dretke*,

---

[1] The petition was completed by Walter Brewer on petitioner's behalf and reflects petitioner's name is Kevin Lynz Cross on the cover, however petitioner signed the petition as Kevin Lindsay Cross and court documents in petitioner's prior federal petition reflects that his true name is Kevin Lindsay Cross. (Pet. at 10)

Civil Action No. 4:04-CV-0512-Y, 2004 WL 2997520 (N.D.Tex. Dec. 28, 2004). Petitioner is serving two life sentences on his 2002 convictions for capital murder in the 29th Judicial District Court of Palo Pinto County, Texas. (Pet. at 2) Petitioner has filed a prior federal petition pursuant to § 2254 in this court challenging the same state convictions. *Id.* (denied). The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas action.

II. SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[2] The Court

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its
> (continued...)

2

of Appeals for the Fifth Circuit recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, he

---

²(...continued)
business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner raises four grounds for habeas relief that could have been raised in his prior federal petition. Therefore, the petition is a successive petition. A district court has no jurisdiction to decide a second or successive petition on the merits without authority from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED August __26__, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE